IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YESNER F.H.,<br><br>Petitioner,<br><br>vs.<br><br>CALIFORNIA CITY DETENTION FACILITY,<br><br>Respondent. | Civil No. 1:26-cv-06534-MWJS<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>A# 220-887-281 |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Yesner F.H.[1] is an immigration detainee proceeding with a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 1.

Petitioner entered the United States without inspection on or about December 15, 2021. Dkt. No. 5, at pgs. 5, 38. After initially being detained, he was released on his own recognizance on December 27, 2021, and placed into removal proceedings. *Id.* at pgs. 5, 14–16. Before his release, he agreed to a number of restrictive conditions, including the following: to report to any hearings and interviews the Department of Homeland Security (DHS) or Executive Office for Immigration Review saw fit to

---

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

schedule; to surrender for removal if an order of removal were ever entered against him; to get written permission before changing his address; to assist DHS in securing travel documents; and not to violate any local, state, or federal laws or ordinances. *See id.* pgs. 14, 16.

The record contains no suggestion that Petitioner ever violated a single of these conditions. Yet on July 20, 2026, Petitioner was arrested and detained by immigration authorities. *Id.* at pg. 38. Petitioner was given no notice or process before his arrest. *Id.* Although an immigration judge had ordered Petitioner removed on February 2, 2026, *id.* at pgs. 23–25, Petitioner appealed that decision to the Board of Immigration Appeals, *id.* at pgs. 29–31, and that appeal remains pending, *id.* at pg. 38. Thus, Petitioner is not currently subject to a final order of removal.

At no point have immigration authorities pointed to any changed circumstances or offered any individualized basis for Petitioner's arrest and detention. Nor have they ever asserted that—despite his more than four years of compliance with strict release conditions—Petitioner has somehow become a danger to the community or a flight risk.

Petitioner now invokes this court's habeas jurisdiction, contending, among other things, that his arrest and detention, without any pre-deprivation process, violate his constitutional due process rights. Dkt. No. 1, at pg. 6. Both this court and many other district judges have granted relief in cases analogous to this one. *See, e.g.*, *A.J.S.M.P. v. Mullin*, No. 1:26-cv-03163-MWJS, 2026 WL 1190220 (E.D. Cal. Apr. 29, 2026); *Leandro*

*A.B.P. v. Warden, Golden State Annex*, No. 1:26-cv-02855-MWJS, 2026 WL 1078244 (E.D. Cal. Apr. 21, 2026); *Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025). The court has again considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent. To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

The court called on Respondent to address, among other things, whether "there [are] any factual or legal bases to distinguish this case from the many prior cases in which other petitioners in a variety of circumstances have been granted immediate release." Dkt. No. 4. The court appreciates Respondent's timely response. Dkt. No. 5. Although Respondent maintains that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), he acknowledges that the Ninth Circuit has rejected this argument for someone in Petitioner's position. *See Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026) ("[W]e conclude that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A).").

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED

that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED as to Count 1, for the reasons stated in those prior orders. Because it is unnecessary to resolve the other counts in the petition, the court declines to do so.

Respondent is ORDERED to immediately release Petitioner Yesner F.H. (A# 220-887-281) from his custody. Respondent shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondent is permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present. This order does not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED: August 24, 2026, at Honolulu, Hawaiʻi.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge